UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOLLINGER SHIPYARDS LOCKPORT, L.L.C. | * | CIVIL ACTION |
| VERSUS | * | NO. 2:20-CV-371 |
| BOUCHARD TRANSPORTATION CO., INC., *in personam*, M/V BRENDAN J. BOUCHARD, *in rem,* and M/V ROBERT J. BOUCHARD, *in rem* | * * | SECTION "R" (3) JUDGE VANCE |
| *   *   *   *   *   *   *   *   *   * | | MAG. DOUGLAS |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes Bouchard Transportation Co., Inc., *in personam*, ("Bouchard") and for Answer to the Complaint of Bollinger Shipyards Lockport, L.L.C. ("Bollinger"), alleges and avers upon information and belief as follows:

## FIRST DEFENSE

Bollinger's Complaint fails to state a claim against this defendant upon which relief can be granted.

## SECOND DEFENSE

And now, answering the specific allegations of Bollinger's Complaint, Bouchard:

Admits Article 1;

Denies Article 2 for lack of sufficient information to justify a belief;

Denies Article 3, except it admits that Bouchard is a New York corporation with a mailing address in Melville, New York and it operates vessels that call in ports of the United States Gulf Coast and within the jurisdiction of this Court;

Admits Articles 4 and 5;

Denies Article 6, except it admits that the M/V BRENDAN J. BOUCHARD and M/V ROBERT J. BOUCHARD have been docked at Bollinger's Algiers Shipyard in New Orleans since October 2019, pursuant to an understanding with Bollinger that those vessels would be allowed to stay at the wharf without charge;

Denies Article 7 as written, as there was no wharfage agreement between the Bouchard, or the owners of the M/V BRENDAN J. BOUCHARD or M/V ROBERT J. BOUCHARD, and Bollinger that required any payment by defendants and, further, the understanding between the parties was that those vessels would be allowed to stay at that wharf without charge;

Denies Article 8 as written, except it admits there was no signed wharfage agreement for these vessels that required any payment by defendants and, further, the understanding between the parties was that those vessels would be allowed to stay at that wharf without charge;

Admits Article 9, except it denies that Bouchard, or the owners of the M/V BRENDAN J. BOUCHARD or the M/V ROBERT J. BOUCHARD, owe any charges reflected in the three invoices attached to the Complaint;

Denies Article 10, except it admits that Bollinger requested payment of the attached invoices and removal of the vessels from the Bollinger wharf shortly before this

lawsuit was filed, but maintains there was no wharfage agreement between Bouchard, or the owners of the M/V BRENDAN J. BOUCHARD or the M/V ROBERT J. BOUCHARD, and Bollinger that required any payment by the defendants and, further, the understanding between the parties was that those vessels would be allowed to stay at that wharf without charge; and

 Denies Articles 11, 12, 13, 14 and 15.

### THIRD DEFENSE

Bouchard maintains that any recovery by Bollinger, which is denied, should be reduced and/or set off by all amounts it has received for payment from any of the defendants.

### FOURTH DEFENSE

Bouchard asserts that there was no wharfage agreement that required any payment by defendants and, further, that the understanding between the parties was that those vessels would be allowed to stay at that wharf without charge and, therefore, the Bollinger invoices are not recoverable.

### FIFTH DEFENSE

Bouchard maintains that Bollinger failed to mitigate its alleged damages and Bollinger is placed on full proof of the fairness and reasonableness of its charges and claim, as well as the steps, if any, taken to minimize its alleged damages.

### SIXTH DEFENSE

Bouchard maintains that all conditions precedent of any alleged agreement between Bouchard, or the owners of the M/V BRENDAN J. BOUCHARD or M/V

ROBERT J. BOUCHARD, and Bollinger for wharfage, which is the subject of this suit, have not been properly performed or fully satisfied by Bollinger including, but not limited to, Bollinger's agreement that neither Bouchard nor the vessels' owners would be charged for the vessels staying at the Bollinger wharf and, therefore, Bollinger's claim should be barred or, at least, significantly reduced due to the vessels' owners' reliance on Bollinger's agreement not to charge for the vessels staying at that wharf.

WHEREFORE, considering the foregoing, Bouchard Transportation Co., Inc. prays:

1) That this Answer to Bollinger's Complaint be deemed good and sufficient;

2) That Bollinger's Complaint be dismissed, at its costs, and there be judgment in favor of Bouchard Transportation Co., Inc.; and

3) For all other such further relief that justice and the nature of the case will allow.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

*/s/ Robert H. Murphy*_____
Robert H. Murphy (#9850)
rmurphy@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA  70139
Telephone:  (504) 523-0400
Facsimile:  (504) 523-5574
*Attorneys for Bouchard Transportation Co., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by hand, electronic filing, facsimile, email and/or depositing a copy of same in the U. S. mail, postage prepaid and properly addressed this 3 March 2020.

*/s/ Robert H. Murphy*
_____

4819-0040-4406, v. 1